# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 98-6057 |
|---|---|---|
| v. | : | |
| ELLIS CROFT | : | CRIMINAL ACTION NO. 95-496-01 |

## MEMORANDUM

Padova, J.                                                                                                     January 3, 2012

*Pro se* prisoner Ellis Croft has filed a Motion to Reconsider the denial of his motion to vacate, set aside, or correct sentence. For the following reasons, we deny the Motion.

**I.    BACKGROUND**

On May 23, 1996, Ellis Croft was convicted, after a jury trial before the Honorable James T. Giles, of Hobbs Act conspiracy, Hobbs Act robbery, using and carrying a firearm during a crime of violence, Hobbs Act extortion, attempted possession with intent to distribute cocaine, and using and carrying a firearm during and in relation to a drug trafficking crime. Judge Giles sentenced Croft to 444 months' imprisonment. The United States Court of Appeals for the Third Circuit affirmed Croft's judgment of conviction on June 13, 1997, and the United States Supreme Court denied Croft's petition for writ of certiorari on January 12, 1998.

On November 17, 1998, Croft filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Judge Giles dismissed the motion as untimely on June 24, 1999, but the Third Circuit reversed and remanded on July 2, 2001. On July 13, 2004, Croft filed an Addendum to the still-pending motion, in which he raised new claims for relief. On September 16, 2005, Judge Giles denied the motion, addressing the arguments raised in Croft's original motion but not the arguments raised in Croft's Addendum. The Third Circuit denied Croft's motion for a certificate of appealability on September 13, 2006. The Third Circuit noted that, although Judge

Giles had not addressed the arguments raised in the Addendum, remand was not warranted because the Addendum added new arguments and should have been dismissed as a second or successive § 2255 motion.

Croft has now filed a Motion to Reconsider the order denying Croft's § 2255 motion, pursuant to Federal Rule of Civil Procedure 60(b)(4).[1] Croft argues that his due process rights were violated because Judge Giles did not address the arguments from the Addendum. He therefore contends that the judgment rendered on his § 2255 motion is void.

## II. LEGAL STANDARD

Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (citation omitted). "[R]elief from a judgment under Rule 60 should be granted only in exceptional circumstances." Id.

---

[1] Although Croft brings this Motion six years after Judge Giles entered judgment, there are no timeliness issues because the timeliness requirements of Rule 60 do not apply to motions brought under Rule 60(b)(4). See United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) ("[N]o passage of time can render a void judgment valid.").

(citations omitted). Thus, "a Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (citations omitted).

Rule 60(b)(4) provides for relief from a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Under Rule 60(b)(4), "'[a] judgment is not void' . . . 'simply because it is or may have been erroneous.'" United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010) (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. (citations omitted).

Operating in conjunction with Rule 60(b) is the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266, which governs the right of all prisoners to file a petition in federal court seeking the issuance of a writ of habeas corpus. AEDPA imposes "a series of restrictive gate-keeping conditions which must be satisfied for a prisoner to prevail" on a habeas petition. Diventura v. Wynder, Civ. A. Nos. 07-2846, 07-3975, 2007 WL 3252607, at *1 (E.D. Pa. Oct. 31, 2007). One such condition is the "second or successive rule," which forbids a federal prisoner from filing a second § 2255 motion, after an earlier motion was dismissed with prejudice, without first obtaining a certification from the appropriate court of appeals. See 28 U.S.C. § 2255(h).

"AEDPA did not expressly circumscribe the operation of Rule 60(b)." Gonzalez v. Crosby,

545 U.S. 524, 529 (2005).² However, "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only to the extent that it is not inconsistent with applicable federal statutory provisions and rules." Id. (footnote omitted) (quotation and citation omitted); Fed. R. Civ. P. 81(a)(4). Rule 60(b) is inconsistent with AEDPA to the extent that it would allow a movant to "circumvent the requirement that a successive habeas petition be precertified by the court of appeals." Gonzalez, 545 U.S. at 531. Thus, "when [a] Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition" and dismisssed. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). Only "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction" may the Rule 60(b) motion "be adjudicated on the merits." Id.

## III. DISCUSSION

The Government argues that we must dismiss Croft's Motion because it can only be interpreted as a second or successive § 2255 motion, for which he has not received authorization from the Third Circuit to file. The Government recognizes that Croft's claim is a procedural challenge insofar as Croft contends that the denial of his § 2255 motion is void because Judge Giles did not address the claims raised in the Addendum. However, it emphasizes that the Third Circuit already addressed Judge Giles's oversight, and stated that the Addendum was the equivalent of a

---

²In Gonzalez, the Supreme Court considered "only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court." 545 U.S. at 529 n.3. However, the United States Court of Appeals for the Third Circuit has applied Gonzalez to petitions brought pursuant to 28 U.S.C. § 2255, which governs federal habeas relief for prisoners convicted in federal court. See Schweitzer v. United States, 215 F. App'x 120 (3d Cir. 2007).

4

second and successive motion that should have been dismissed on that basis. Thus, the Government maintains that Croft's Motion can only be understood as a challenge to the Third Circuit's decision that the Addendum was a second or successive motion, which cannot be pursued under Rule 60(b). If the Government is correct, we do not have jurisdiction to consider Croft's Motion. See 28 U.S.C. § 2255(h).

Given how Croft has articulated his own claim, we disagree with the Government that he has asserted a claim that cannot be asserted under Rule 60(b). As noted above, a Rule 60(b) motion is to be treated as second or successive § 2255 motion when "it attacks the federal court's resolution of a claim *on the merits*." Gonzalez, 545 U.S. at 532 (emphasis in original). A "claim on the merits," in this instance, is an argument that the prisoner is entitled to habeas relief. Id. at 532 n.4. In contrast, "[w]hen no 'claim' [for habeas relief] is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533. Accordingly, a prisoner may challenge a procedural ruling or defect which "precluded a merits determination" of the habeas claims in the original proceedings. See id. at 532 n.4. For example, an argument challenging a ruling on the statute of limitations is proper under a Rule 60(b) motion. Id. at 535-36. Thus, if Croft's Motion raises issues of this type, it is a proper Rule 60(b) motion.

Croft's Motion is proper under Rule 60(b) because it attacks a procedural defect in Judge Giles's decision, i.e. the failure to address the arguments made in Croft's Addendum. The failure of a court to rule on an issue is a procedural defect which may be challenged under Rule 60(b). See Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). We therefore conclude that we have jurisdiction to address Croft's Motion on the merits.

Nevertheless, we cannot give Croft the relief he seeks, because the Third Circuit has already

ruled that Judge Giles did not have to address the Addendum because he did not have jurisdiction to consider the claims therein. As the Third Circuit expressly stated in its order denying Croft a certificate of appealability:

> Although the District Court did not address the claims raised in Croft's "Addendum," we will not remand those claims, as an examination of the "Addendum" shows that the claims should have been dismissed as an attempt to bring a second or successive Section 2255 motion. See United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000) (district court may allow amendment if it is not an attempt to add an entirely new claim or new theory of relief).

United States v. Croft, No. 06-1171 (3d Cir. Sep. 13, 2006). Under the law of the case doctrine, we are bound by this ruling. See SEC v. Bilzerian, Civ. A. No. 89-1854, 2011 WL 4537891, at *3 (D.D.C. Oct. 3, 2011) (denying a motion to reconsider which challenged an issue already decided by the court of appeals). See also Beshli v. Dep't of Homeland Sec., 272 F. Supp. 2d 514, 520-22 (E.D. Pa. 2003) (citations omitted) (denying a habeas corpus petition and holding that the court may not consider an argument that had been addressed by the Third Circuit). Accordingly, we cannot find that Croft's due process rights were violated by Judge Giles's failure to address the Addendum arguments.

## IV. CONCLUSION

For the foregoing reasons, we deny Croft's Motion for Reconsideration, which he filed pursuant to Federal Rule of Civil Procedure 60(b)(4). An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.